Wright v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00642-CR







Sally Ann Wright, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C95-2750, HONORABLE JOHN BARINA, JUDGE PRESIDING







PER CURIAM



 The trial court found appellant Sally Ann Wright guilty of criminal trespass and
assessed punishment at incarceration for forty-five days and a $150.00 fine. Tex. Pen. Code Ann.
§ 30.05 (West 1994). The court suspended imposition of both the jail term and the fine and
placed appellant on one year's community supervision. Appellant's sole contention on appeal is
that the evidence is legally insufficient to support her conviction.

 Police officers of the Veterans' Administration Hospital in Temple were asked to
help one morning with a person who would not leave one of the VA's buildings. Officer James
Brown went to the building and found appellant in the lobby, sitting in a chair with her head down
and her eyes partially closed. Officer Brown identified himself, asked appellant's name, and
inquired whether she was there for medical problems, to all of which appellant made no response. 
On telling appellant that she would have to leave if she did not need medical help, appellant began
mumbling about little people around her feet. When Officer Robert Springer arrived, he saw
appellant in the chair with her head turned up toward the ceiling and her eyes occasionally
opening and then closing. Although Springer asked her three or four times to leave, appellant
responded only by mumbling incoherently. Officer Ray Brown, the last of the three hospital
officers to arrive, saw appellant sitting in the chair with her head down and her eyes closed. 
Officer Brown asked appellant three times to leave; appellant did not look up or move in response.

 At Officer Springer's request, Temple police officer Richard Schultz arrived to
help. Schultz asked appellant several times to leave, but she did not respond and did not leave. 
Schultz next told appellant that if she did not leave the premises, she would be arrested for
criminal trespass. Appellant walked out of the building, but remained on the VA's property. 
Schultz repeated that if appellant did not leave the property, she would be arrested and jailed. 
Appellant then began walking with Officer Schultz along the sidewalk. She continued to walk,
however, toward the main VA hospital and went in through the emergency room entrance.

 Officers Schultz and Ray Brown arrested appellant in the hallway of the hospital. 
Appellant complied with the officers in leaving the hospital, but resisted being placed in the patrol
car.

 Appellant testified that she is subject to seizures, during which she moans, slurs
her speech, and cannot respond to people. She stated that she suffered a seizure the day she was
arrested. Appellant did not remember that anyone told her to leave the VA's property or that she
walked to the hospital, but she could recall being arrested. Appellant said that she went to the VA
to talk to the doctor of her friend Leroy Andrews.

 A person commits criminal trespass by entering or remaining on another's property
without consent and with notice that the entry is forbidden. Id. Appellant specifically argues that
the evidence is legally insufficient to prove that she trespassed intentionally or knowingly. See
id. § 6.02(c). In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614
S.W.2d 155, 159 (Tex. Crim. App. 1981).

 Although appellant did not respond when initially asked to leave the VA's property,
she left the building when told that she would be arrested. She walked further from the building
when told that she would be arrested and jailed for not leaving the property. Viewing the
evidence in the light most favorable to the judgment, we determine that a rational trier of fact
could infer that appellant either consciously desired to remain or was aware that she was
remaining on the VA's property without effective consent. We therefore overrule point of error
one.

 We affirm the judgment of conviction.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 1, 1996

Do Not Publish



s" STYLE="font-size: 11pt">
FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C95-2750, HONORABLE JOHN BARINA, JUDGE PRESIDING







PER CURIAM



 The trial court found appellant Sally Ann Wright guilty of criminal trespass and
assessed punishment at incarceration for forty-five days and a $150.00 fine. Tex. Pen. Code Ann.
§ 30.05 (West 1994). The court suspended imposition of both the jail term and the fine and
placed appellant on one year's community supervision. Appellant's sole contention on appeal is
that the evidence is legally insufficient to support her conviction.

 Police officers of the Veterans' Administration Hospital in Temple were asked to
help one morning with a person who would not leave one of the VA's buildings. Officer James
Brown went to the building and found appellant in the lobby, sitting in a chair with her head down
and her eyes partially closed. Officer Brown identified himself, asked appellant's name, and
inquired whether she was there for medical problems, to all of which appellant made no response. 
On telling appellant that she would have to leave if she did not need medical help, appellant began
mumbling about little people around her feet. When Officer Robert Springer arrived, he saw
appellant in the chair with her head turned up toward the ceiling and her eyes occasionally
opening and then closing. Although Springer asked her three or four times to leave, appellant
responded only by mumbling incoherently. Officer Ray Brown, the last of the three hospital
officers to arrive, saw appellant sitting in the chair with her head down and her eyes closed. 
Officer Brown asked appellant three times to leave; appellant did not look up or move in response.

 At Officer Springer's request, Temple police officer Richard Schultz arrived to
help. Schultz asked appellant several times to leave, but she did not respond and did not leave. 
Schultz next told appellant that if she did not leave the premises, she would be arrested for
criminal trespass. Appellant walked out of the building, but remained on the VA's property. 
Schultz repeated that if appellant did not leave the property, she would be arrested and jailed. 
Appellant then began walking with Officer Schultz along the sidewalk. She continued to walk,
however, toward the main VA hospital and went in through the emergency room entrance.

 Officers Schultz and Ray Brown arrested appellant in the hallway of the hospital. 
Appellant complied with the officers in leaving the hospital, but resisted being placed in the patrol
car.

 Appellant testified that she is subject to seizures, during which she moans, slurs
her speech, and cannot respond to people. She stated that she suffered a seizure the day she was
arrested. Appellant did not remember that anyone told her to leave the VA's property or that she
walked to the hospital, but she could recall being arrested. Appellant said that she went to the VA
to talk to the doctor of her friend Leroy Andrews.

 A person commits criminal trespass by entering or remaining on another's property
without consent and with notice that the entry is forbidden. Id. Appellant specifically argues that
the evidence is legally insufficient to prove that she trespassed intentionally or knowingly. See
id. § 6.02(c). In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favor